IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BIGE MULLINS,                                   :

             Plaintiff,              :     Case No. 3:13cv226

     vs.                                        :     JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,                :

             Defendant.              :

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE (DOC. #11) IN THEIR ENTIRETY;
DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #12)
OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND
AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S
DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT
ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT FOR THE
CLOSED PERIOD FROM JULY 25, 2002, THROUGH NOVEMBER 8, 2006, AND
REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT
COMMISSIONER FOR THE IMMEDIATE PAYMENT OF BENEFITS FOR THE
CLOSED PERIOD REFERENCED ABOVE, CONSISTENT WITH THE SOCIAL
SECURITY ACT; TERMINATION ENTRY

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the

Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.

On April 8, 2014, the United States Magistrate Judge filed a Report and Recommendations (Doc.

#11), recommending that the Commissioner's decision that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Social Security Act, for the closed period from July

24, 2002, through November 8, 2006, be reversed, and that the captioned cause be remanded to

the Defendant Commissioner for the payment of benefits consistent with the Social Security Act for the above referenced closed period. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #11) and in the Plaintiff's Response to Defendant's Objections to that judicial filing (Doc. #13), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #5), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, for the aforementioned closed period from July 25, 2002 through November 8, 2006, was not supported by substantial evidence. The Defendant's Objections to said judicial filing (Doc. #12) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed and the captioned cause remanded to the Defendant Commissioner for the immediate payment of benefits consistent with the Social Security Act for the closed period from July 25, 2002 through November 8, 2006.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the

findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

    In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359

(6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.      While not dispositive, the captioned cause is unique in that the record does not contain an opinion from a treating mental health source. Accordingly, the Court, upon review, is limited to the opinions of non-treating, consulting psychologist, Dr. Flexman; two examining, non-treating psychologists, Drs. Jones and Halmi, and an examining neurosurgeon, Dr. Smith. As set forth by the Magistrate Judge, the Administrative Law Judge improperly weighed the testimony of those non-treating sources.

2.      Given the lack of a transcript of the testimony of Dr. Buban, there is no way to determine if the Administrative Law Judge's reliance on said testimony was supported by

-4-

substantial evidence.  If, as it appears, that the Hearing Officer's description of Dr. Buban's testimony may have been partially inaccurate on the issue of Plaintiff's mild to moderate cognitive ability, there being no records to provide a clear picture of Plaintiff's functioning, a question is raised as to the nature of the alleged substantial assistance which it is argued supports the Hearing Officer's acceptance of Dr. Buban's opinions or, for that matter, the Hearing Officer's conclusion that Plaintiff had no more than mild to moderate cognitive ability.

      3.      In this matter, there is overwhelming evidence of disability or, at the very least, strong evidence of such while contrary evidence is weak, that establishes Plaintiff's mental impairments meeting or equaling the list of the criteria of the listing of Listing 12.04A and B. Accordingly, an order remanding the captioned cause for the immediate payment of benefits is warranted. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

      WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #11) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Defendant's Objections to said judicial filing (Doc. #12) are overruled.  Judgment will be ordered entered in favor of the Plaintiff and against Defendant Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act for the closed period from July 25, 2002, through November 8,

2006, and remanding the captioned cause to the Defendant Commissioner for the immediate

payment of benefits consistent with the Social Security Act for that closed period.


     The captioned cause is hereby ordered terminated upon the docket records of the United

States District Court for the Southern District of Ohio, Western Division, at Dayton.


September 29, 2014

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record