# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BIGE MULLINS, | : | |
| Plaintiff, | : | |
| | | Case No. 3:13cv00226 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| CAROLYN W. COLVIN, | : | Chief Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social | | |
| Security Administration, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon the Motion For Allowance Of Attorney Fees filed by Plaintiff's counsel (Doc. #16), the Commissioner's Response (Doc. #17), and the record as a whole.

Plaintiff and his counsel entered into a written contingency-fee agreement in March 2003. The agreement documented counsel's willingness to work on a contingent-fee basis. The agreement further documented Plaintiff's agreement to pay attorney fees in the amount of 25% of any lump sum award for past-due benefits payable to Plaintiff. This resulted in counsel's acceptance of the risk she would recover zero attorney fees in the event Plaintiff received no past-due benefits. (Doc. #16, *PageID* at 203).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Several years before Plaintiff filed the present case, the Social Security Administration found that he was under a benefits-qualifying disability starting on November 9, 2006. Plaintiff began receiving benefits in May 2007. As to possible attorney fees incurred, the Administration withheld $3,823.25 from Plaintiff's newly received benefits. This amount represented 25% of the past-due benefits Plaintiff was awarded at that time. All this occurred at the administrative level before Plaintiff brought the instant case. (Doc. #16, *PageID* at 161-66).

Although Plaintiff succeeded in establishing he was under a disability beginning on November 9, 2006, this was only a partial victory because he had applied for benefits asserting that he had been under a disability beginning on July 25, 2002. Realizing this, the Administration notified Plaintiff that he could appeal the partially unfavorable decision.

And appeal he did but without success during his remaining administrative proceedings. He eventually landed in this Court, challenging the Commissioner's partially unfavorable decision and contending that he was under a benefits-qualifying disability for a closed period – specifically, July 25, 2002 through November 8, 2006. This Court agreed and found him entitled to receive past-due benefits based on the disability onset date of July 25, 2002.

On remand for payment of benefits, the Administration awarded Plaintiff his past-due benefits. As to attorney fees, the Administration withheld 25% of his past-due benefits or $12,889.25. (Doc. #16, *PageID* at 205-06). The Administration explained to him that the $12,889.25 "is in addition to the $3,823.25 that we withheld for a potential fee petition after

2

the previous decision was made on your record resulted in a separated amount of past-due benefits." *Id*. at 206.

Title 42 U.S.C. §406(b)(1) authorizes this Court to award attorney fees when a plaintiff brings a successful challenge to the Commissioner's denial of a plaintiff's application for Social Security benefits. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997).

Plaintiff's counsel seeks an award of $16,712.50 in attorney fees under 42 U.S.C. §406(b)(1) and the contingency-fee agreement. This amount combines 25% of Plaintiff's past-due benefits from his administrative proceedings ($3,823.25) with 25% of the past-due benefits he received on remand in 2015 ($12,889.25). The Commissioner contends, "[T]his Court does not have the authority to approve a fee beyond 25% of the past due benefits calculated in 2015, by reason of this Court's judgment." (Doc. #17, *PageID* at 215).

A social-security attorney representing a plaintiff under a contingency-fee agreement can receive attorney fees in two ways under 42 U.S.C. §406. The first is by earning fees in connection with proceedings before the Social Security Administration. *See* 42 U.S.C. 406(a)(1). The second is by earning fees during judicial proceedings. *See* 42 U.S.C. 406(b)(1). "[E]ach tribunal may award fees only for the work done before it." *Horenstein v. Sec'y of Health & Human Servs*., 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*) (joining "the majority of circuits ...."). The Commissioner is therefore correct that this Court can award attorney fees in this case only for work done before it and not for work Plaintiff's attorney performed during his administrative proceedings. *Id*. The current award is therefore limited

3

to $12,889.25, which is 25% of the past-due benefits Plaintiff received on remand from this Court.  *Id*.

The Commissioner further maintains that Plaintiff and his counsel's contingency-fee agreement binds counsel to a total of 25% of past-due benefits without differentiating between fees approved by the Administration (under §406(a)(1)) and fees approved by the Court (under §406(b)(1)).  The Commissioner asserts that Plaintiff's counsel "should certify to or satisfy the Court that she will not seek approval for more than a total of 25% of past-due benefits from the Court and the Agency."  (Doc. #17, *PageID* at 217).

Plaintiff's counsel need not provide this certification or otherwise satisfy the Court of her further intention not seek more attorney fees from the Administration.  She may or may not do so.  If she does, it will be up to the Administration to determine whether the contingency-fee agreement precludes a further attorney-fee award under §405(a).

### IT IS THEREFORE RECOMMENDED THAT:

1. The Motion for Allowance of Attorney Fees (Doc. #16) be GRANTED, in part, and the Commissioner be directed to pay Plaintiff's attorney fees pursuant to 42 U.S.C. §406(b) in the total amount of $12,889.25;

2. The Motion for Allowance of Attorney Fees (Doc. #16) be DENIED in remaining part; and

3. The case remain terminated on the docket of this Court.

October 29, 2015

            s/Sharon L. Ovington
            Sharon L. Ovington
          Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).